IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DIAMOND STARR MCCRACKEN,            )
                                    )
        Plaintiff,              )
                                    )
 -vs-                               )   Civil Action No.   20-1403
                                    )
KILOLO KIJAKAZI,[1]                 )
COMMISSIONER OF SOCIAL SECURITY,    )
                                    )
        Defendant.              )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 19 and 21). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 20 and 22). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 19) and granting Defendant's Motion for Summary Judgment. (ECF No. 21).

### I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her application for supplemental security income pursuant to the Social Security Act. Plaintiff filed her application on December 8, 2017, alleging disability beginning on March 27, 2010.[2] (ECF No. 10-3, p. 23). Administrative Law Judge ("ALJ"), William J. Bezego, held a

---

[1] Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.

[2] Supplemental security income is not payable prior to the month following the month in which the application was filed. 20 C.F.R. §416.335.
> When you file an application in the month that you meet all the other requirements for eligibility, the earliest month for which we can pay you benefits is the month following the month you filed the application. If you file an application after the month you first meet all the other requirements for eligibility, we cannot pay you for the month in which your application is filed or any months before that month.

hearing on July 9, 2019.  (ECF No. 10-2, pp. 32-81).   On September 11, 2019, the ALJ found that Plaintiff was not disabled under the Act.   (ECF No. 10-2, pp. 13-25).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 19 and 21).   The issues are now ripe for review.

## II.  **LEGAL ANALYSIS**

### A.  **Standard of Review**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision.  *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).  Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate."  *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive.  42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979).  A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record.  *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998).  Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole.   *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental

---

20 C.F.R. § 416.335.  As such, the applicable time period in this case is December 8, 2017 (the application date) through September 11, 2019 (the date of the ALJ's decision), and not from the alleged onset date through the date of the decision.

2

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months.  42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant.  20 C.F.R. §404.1520(a).  The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity.  20 C.F.R. §404.1520.  The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4).  *Dobrowolsky*, 606 F.2d at 406.  Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).  *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing.  *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.  Opinion of Treating Physician and Consultative Examiner

Plaintiff argues that the ALJ erred by improperly disregarding the medical opinion of her treating physicians and examining physicians.  (ECF No. 20, pp. 10-14).  First, Plaintiff cites to the treating physician doctrine and asserts that ALJ improperly rejected the treating reports of her doctors because they were "in the best position to give an opinion regarding Plaintiff's limitations."

(ECF No. 20, p. 13). Plaintiff's application was filed in October of 2018. For claims filed on or after March 27, 2017, the regulations governing the types of opinions considered and the approach to the evaluation of opinions by ALJs were amended and the treating physician rule was eliminated. 20 C.F.R. §§404.1520c; 416.920c. Thus, Plaintiff's reliance on the treating physician's doctrine is misplaced.

Under the new broadened regulations, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical findings(s), including those from [a] medical source." *Id.* at §§404.1520c(a); 416.920c(a). For such claims, an ALJ now is required to articulate how persuasive he/she finds the medical opinions and prior administrative findings. *Id.* at §§404.1520c(b); 416.920c(b). In so doing, the ALJ shall consider the following factors: 1) Supportability; 2) Consistency; 3) Relationship with the claimant; 4) Specialization; and 5) Other factors such as familiarity with other evidence in the claim or an understanding of disability policies and evidentiary requirements, as well as whether new evidence received after the opinion makes the opinion more or less persuasive. *Id.* at §§404.1520c(c); 416.920c(c). "The most important factors" are supportability[3] and consistency.[4] *Id.* at §§404.1520c(a); 416.920c(a). Therefore, the ALJ must explain how he/she considered the supportability and consistency of an opinion but the ALJ is not required to discuss or explain how he/she considered the other factors. *Id.* at §§404.1520c(b)(2); 416.920c(b)(2). When opinions are equally supported and consistent with the record on the

---

[3] With regard to supportability, the regulations provides: "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be."  *Id.* at §§404.1520c(c)(1); 416.920c(c)(1).

[4] With regard to consistency, the regulations provide: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* at §§404.1520c(c)(2); 416.920c(c)(2).

4

same issue but not exactly the same, however, the ALJ must explain how he/she considered the other factors.   *Id.* at §§404.1520c(b)(3); 416.920c(b)(3).   Additionally, when a medical source provides multiple opinions, an ALJ is not required to articulate how he/she considered each opinion but may consider it in one single analysis using the factors above.   *Id.* at §§404.1520c(b)(1); 416.920c(b)(1).   Moreover, an ALJ is not required to articulate how he/she considered evidence from nonmedical sources in accordance with the above requirements.   *Id.* at §§404.1520c(d); 416.920c(d).

As set forth above, an ALJ's rejection of a treating doctor's opinion is not improper simply because the doctor was a treating physician.   In this case, the ALJ applied the appropriate standards to the opinions of Plaintiff's treating doctors and examiners, as well as all other opinion evidence.   (ECF No. 10-2, pp. 13-25).   Therefore, I find no merit to Plaintiff's argument in this regard.

Plaintiff next argues that the ALJ erred in failing to mention the psychiatric evaluation of Dr. Simmons or the GAF score from his April 16, 2007 report.   (ECF No. 20, p. 14).   After a review of the decision as a whole, I disagree.   The report was ten years prior to the period at issue in this case.   In compliance with the new regulations, the ALJ properly discussed all opinion evidence from the relevant time period, from December 8, 2017 through September 11, 2019.  20 C.F.R. §416.920b(c).[5]   Thus, I find no merit to this argument.

Plaintiff also concludes in one sentence that "it was error for the ALJ to accept the report of the consultative evaluator Dr. Dienes with regard to her opinions…."   (ECF No. 20, p. 14).  Plaintiff fails to give any reason for the alleged error. *Id.*   This supposition is wholly undeveloped and insufficient to place the issue before me.

---

[5]Similarly, I note that any statement on the ultimate issue of disability is reserved for the ALJ and the ALJ need not provide any analysis about how he considered such evidence. 20 C.F.R. §416.920b(c).

Plaintiff's last paragraph in this section suggests that the "ALJ should have given substantial weight to the reports of Dr. Negrin, Dr. Alman, Dr. Simmons and Dr. Dienes since they were clearly supported by all of the other evidence of record by the examining medical providers." (ECF No. 20, p. 14). To be clear, the standard is not whether there is evidence to establish Plaintiff's position. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).

> [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance. *Jesurum v. Sec'y of U.S. Dep't of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971). If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart,* 326 F.3d 376, 379 (3d Cir. 2003).

*Weidow v. Colvin,* Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016). Thus, the question before me is whether substantial evidence supports the ALJ's findings. *Allen,* 881 F.2d at 39 (3d Cir. 1989). Therefore, Plaintiff's argument in this regard is entirely misplaced.

### C. **Residual Functional Capacity ("RFC")**[6]

Plaintiff also argues that the ALJ improperly determined her RFC. (ECF No. 20, pp. 14-16). To that end, Plaintiff specifically argues that there is substantial evidence to support her position that she is not able to perform the work set forth in the ALJ's RFC finding. *Id.* Again, the standard is whether substantial evidence supports the ALJ's findings and not whether there is evidence to establish Plaintiff's position. *Allen,* 881 F.2d at 39. Therefore, Plaintiff's argument in this regard is entirely misplaced and insufficient to place the issue before me.[7]

---

[6] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his/her own limitations. *Id.*

[7] In this case, I note that the ALJ found Plaintiff had work-related functional limitations, just not to the extent alleged by Plaintiff.

### D. <u>Vocational Expert</u>

Plaintiff submits that the ALJ erred by improperly disregarding vocational expert testimony and by relying on an incomplete hypothetical question. (ECF No. 20, pp. 17-18). An ALJ is required to accept only that testimony from the vocational expert which accurately reflects a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). Based on my review of the record, there is substantial evidence that the ALJ's hypothetical questions accurately reflected Plaintiff's impairments. (ECF No. 10-2, pp. 13-25; No. 10-2, pp. 53-56). Consequently, I find no error in this regard.

### E. <u>Subjective Complaints of Pain</u>

Finally, Plaintiff argues that the ALJ erred by failing to "show any rational basis for discounting Plaintiff's testimony" related to her complaints of pain. (ECF No. 20, pp. 18-20). In considering the intensity, persistence, and limiting effects of an individual's symptoms, the ALJ will examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record. SSR 16-3p. Additionally, the ALJ will also consider daily activities; the location, duration, frequency, and intensity of pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. §§404.1529(c), 416.929(c). The ALJ will also look at

7

inconsistencies between the claimant's statements and the evidence presented. *Id.* I must defer to the ALJ's determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

After a review of the record, I find that the ALJ followed the proper method as set forth above. (ECF No. 10-2, pp. 13-25). For example, the ALJ considered Plaintiff's statements and found them to be "not entirely consistent with the medical evidence and other evidence in the record." (ECF No. 10-2, p. 18). Specifically, the ALJ compared Plaintiff's statements to the medical evidence of record, the treatment records, objective tests, the opinion evidence, and Plaintiff's activities of daily living. (ECF No. 10-2, pp. 17-23). Based on the entire record as a whole, I find there is substantial evidence to support the ALJ's decision that Plaintiff's statements were not entirely consistent with the medical evidence and other evidence in the record. Therefore, I find no error in this regard.

Plaintiff also asserts that one of the reasons given for discounting Plaintiff's testimony was not accurate. (ECF No. 20, p. 19). This reason was only one of many reasons given by the ALJ in finding Plaintiff's testimony was inconsistent and unsupported by the evidence of record as a whole. (ECF No. 10-2, pp. 17-23). Therefore, even if I were to assume that was true, there is no indication that this would have changed the outcome or that the other reasons given were not supported by substantial evidence so as to warrant remand.

Finally, as set forth above, lack of treatment is an appropriate matter for consideration in an ALJ's evaluation of a plaintiff's statements concerning the intensity, persistence and limiting effects of alleged symptoms. In this case, the ALJ properly considered Plaintiff's lack of treatment regarding her low back pain in assessing her allegations. (ECF No. 10-2, p. 20). Thus, I find no error in this regard.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIAMOND STARR MCCRACKEN,  )<br>  )<br>    Plaintiff,  )<br>  )<br>  -vs-  )   Civil Action No.   20-1403<br>  )<br>KILOLO KIJAKAZI,[8]  )<br>COMMISSIONER OF SOCIAL SECURITY,  )<br>  )<br>    Defendant.  ) | |

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 14th day of January, 2022, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 19) is denied and Defendant's Motion for Summary Judgment (ECF No. 21) is granted.

BY THE COURT:

*Donetta F. Ambrose*

Donetta W. Ambrose
United States Senior District Judge

---

[8] Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.